**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BORDELON MARINE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1784** |
| **DEVON ENERGY PRODUCTION COMPANY, L.P. ANE MERIT ENERGY COMPANY, L.L.C.** | **SECTION "K"(4)** |

**ORDER AND REASONS**

Before the Court is Defendants' Motion to Dismiss (R. Doc. 11 ) filed by Defendants, Devon Energy Production Company, L.P. ("Devon") and Merit Energy Company, L.L.C. ("Merit"). Having reviewed the pleadings, memoranda, record, and relevant law, the Court, for the reasons assigned, grants the motion.

**I. BACKGROUND**

The plaintiff, Bordelon Marine, L.L.C. ("Bordelon"), contracted with ATP Oil & Gas Corporation ("ATP") under a Master Time Charter Agreement and Short Form Time Charter Agreement to provide services and perform other charter activities for wells located on the Outer Continental Shelf during the summer of 2012. The Defendants, Devon and Merit, owned and operated the wells at the location for which Bordelon provided the charter services. ATP and Bordelon's agreement was on an open account basis and provided that ATP pay for all charter services performed by Bordelon. However, ATP failed to make payments for Bordelon's services, leading Bordelon to record liens or privileges on the wells by filing two Statements of Privilege under the Louisiana Oil Well Lien Act ("LOWLA"), La. Rev. Stat. § 9:4861, *et seq.*, in the mortgage records of Plaquemines Parish, Louisiana. The first statement was filed on August

15, 2012 and covered services provided to ATP from June 1, 2012 to August 15, 2012. The second statement was filed on September 17, 2012 and covered services provided to ATP on August 16, 2012.

ATP filed for bankruptcy protection in United States Bankruptcy Court for the Southern District of Texas on August 17, 2012 and remains in bankruptcy. On September 20, 2012, Bordelon filed a Proof of Claim in ATP's ongoing bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas. Over a year later, on September 23, 2013, Bordelon initiated additional bankruptcy proceedings against ATP in the same court by way of a Complaint for Enforcement of Liens. On September 25, 2013, Bordelon requested leave from this most recent bankruptcy proceeding against ATP to file a Notice of Lis Pendens in order to preserve their lien claims against third parties under LOWLA, namely, Devon and Merit. Leave was granted on October 4, 2013 and a notice of Lis Pendens was filed by Bordelon on October 15, 2013. On July 2, 2014, nearly two years after their liens were recorded in Plaquemines Parish, Bordelon filed a Verified Petition for Enforcement of Lien and Writ of Sequestration in Louisiana state court in an attempt to collect the nearly $404,000.00 owed to them. Devon and Merit were served on July, 21, 2014 and timely removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1332.

Devon and Merit's motion contends that Bordelon has produced no facts or legal authority that would support them being held personally liable for ATP's contract debts thus enabling Bordelon to acquire a personal money judgment against them. In so doing, Devon and Merit suggest that any lien rights Bordelon may have had under LOWLA were strictly *in rem* and never provided any basis for a personal monetary judgment against them. Additionally, Devon and Merit claim that any *in rem* liability arising from the liens under LOWLA has been

extinguished by Bordelon's failure to timely file a suit to enforce those liens. They argue that because this enforcement action of July 2, 2014 was filed nearly two years after recording the liens, the one year prescriptive period provided by LOWLA, Louisiana Revised Statutes section 9:4865(B) ("section 9:4865"), expired and, consequently, the statutory liens were extinguished. Thus, dismissal of this suit pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper.

Bordelon, on the other hand, argues they are not seeking a personal money judgment against Devon and Merit but instead seek a judgment against the property, specifically requesting the seizure and sale of Devon and Merit's relevant offshore well property, the proceeds associated with that property, and recognition of their liens in accordance with LOWLA. Bordelon also contests the Defendants' claim that the liens have been extinguished and advances two theories in support.

First, Bordelon contends that its filing of a Proof of Claim filed in ATP's bankruptcy proceedings on September 20, 2012 was "an action" for purposes of section 9:4865(B) that would enforce the privilege and was thus filed within the one-year prescriptive period under the statute. Moreover, Bordelon argues that it properly preserved its privilege under section 9:4865(C) as to third parties not party to the "action," *i.e.*, Devon and Merit, despite the fact that Bordelon did not file a Notice of Lis Pendens within 30 days of the institution of an enforcement action as required by the statute. Bordelon asserts that the automatic stay under the United States Bankruptcy Code, 11 U.S.C. § 362, effectively "froze" the 30 day time period, and Bordelon timely filed its Notice of Lis Pendens upon acquiring leave of the bankruptcy court to do so on October 15, 2013.

Second, Bordelon asserts an argument in the alternative that Bordelon's institution of the bankruptcy claim against ATP interrupted the one-year prescriptive period under section

9:4865(B). Specifically, Bordelon argues that ATP and the Defendants are solidary obligors, as each have an interest in the property, and interruption of prescription as to ATP through the bankruptcy claim also interrupted the LOWLA one-year prescription as to the Defendants, Devon and Merit. Finally, under yet another alternative legal theory, Bordelon argues that the prescription period was interrupted because the Defendants were legal sureties of ATP, the principal debtor, and interruption of prescription as to the principal debtor also interrupted prescription as to the surety.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) affords a party the opportunity to submit a motion to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a claim need not set forth "detailed factual allegations." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). However, a claim requires more than "labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* The claim must include more than conclusory allegations or unsupported legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). There must be sufficient factual information present that, when accepted as true, a plausible claim for relief is presented. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The complaint is construed liberally in favor of the plaintiff and all facts contained in the complaint are assumed to be true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III. DISCUSSION

Bordelon acknowledges that the claim for money judgment against Devon and Merit arises from the contract it made with ATP. *See* Petition, ¶ V, VIII. Yet Bordelon asserts in its

Petition that "Devon/Merit is indebted to Bordelon" and seeks judgment against Devon and Merit in the amount owed under the contract for the services provided. Petition, ¶ IV. Bordelon, however, in its Opposition states that "[i]t is the *property* of Devon and Merit against which Bordelon seeks judgment," which is not a judgment for personal liability. R. Doc. 12, 3 (emphasis added). From a review Bordelon's Petition, it is clear that Bordelon phrased its request for relief in terms of a personal money judgment against Devon and Merit; moreover, the lien under LOWLA creates no personal obligation on the part of Devon and Merit, and any attempt to construe it otherwise contravenes well-settled Louisiana jurisprudence. *See Guichard Drilling Co. v. Alpine Energy Servs., Inc*., 94-1275 (La. 7/3/95); 657 So. 2d 1307, 1315 ("It is well settled that the privilege created by La. R.S. 9:4861 is strictly *in rem*, against the property (lease or equipment) only, and no personal liability is created by the privilege on the part of the owners of property subject to the privilege."). Thus, to the extent that Bordelon's prayer for relief in its Petition seeks a personal money judgment from Devon and Merit, this claim shall be dismissed for failing to state a claim. Nevertheless, the Court must turn to the question of whether Bordelon may enforce its lien rights *in rem*.

The Louisiana Oil Well Lien Act creates lien rights and privileges to secure certain obligations arising from contractor and laborer activities on well sites. La. Rev. Stat. § 9:4862. The privilege created by LOWLA attaches to the operating interest in the well and the well and land itself, any drilling or other rigs on the property owned by the operator or contractor whose activities gave rise to the privilege, the interest in hydrocarbons produced from the operating interest, and the proceeds from the disposition of those hydrocarbons subject to the privilege. La. Rev. Stat. § 9:4863. The privilege created by LOWLA attaches to all property listed in the statute, regardless of ownership, and requires no contractual relationship between the supplier of

labor, service, or equipment and the owner of the lease or equipment. *Oil Well Supply Co. v. Indep.Oil Co.*, 219 La. 936, 54 So. 2d 330 (1951). Thus, the privilege created by LOWLA can be effective against a "third person" or party. La. Rev. Stat. § 9:4864. "A 'third person' is a person, including a lessee or operator, who is not contractually bound to the claimant for the obligation secured by a privilege or who has not expressly assumed the obligation." La. Rev. Stat. § 9:4861. To preserve and give effect to the lien, the lien holder must file a statement of privilege in the mortgage records of the parish where the operating interest subject to the privilege is located. La. Rev. Stat. § 9:4865(A)(1). However, the privilege ceases to have effect against third parties unless a claimant files an action for an enforcement of the privilege within one year of filing the Statement of Privilege. La Rev. Stat. § 9:4865(A)(2). Additionally, the privilege created by LOWLA ceases to have effect against third parties who are not parties to the enforcement action unless the claimant files a notice of pendency of action (Notice of Lis Pendens) in the parish where the property at issue is located within 30 days of instituting the action for enforcement of the privilege. La Rev. Stat. § 9:4865(B).

Bordelon admits and the Court agrees that Devon and Merit are third persons under LOWLA. *See* Opposition, R. Doc. 12, 5. Thus, in order for the lien to be effective and enforced, Bordelon must comply with the requirements of LOWLA by filing the action timely and properly recording a notice of lis pendens. By the plain letter of the law, Bordelon has failed on both accounts.

Bordelon claims that the September 20, 2012 Proof of Claim suffices as an enforcement action but offers no support for this proposition. Louisiana courts have found that enforcement actions both acknowledge the debt owed as well as request judgment recognizing the lien. *Guichard*, 657 So.2d at 1318; *Triangle Pac. Corp. v. Nat'l Bldg. & Contracting Co.*, 94-0619

(La. App. 1 Cir. 3/3/95), So.2d 552, 556 (La. Ct. App. 1995). While a proof of claim evidences the amount of debt that a debtor in bankruptcy owes a creditor, Bordelon puts forth no argument as to why such a claim would amount to an action to enforce lien rights. *See* Pl. Opp., R. Doc. 15, Ex. A. Assuming *arguendo* that the Proof of Claim would constitute an action to enforce the lien, Bordelon nevertheless filed the requisite notice of lis pendens on October 15, 2013, well past the thirty days from the filing of the Proof of Claim. Thus, whether the Proof of Claim constitutes an enforcement action, Bordelon failed to timely file a notice of lis pendens in order to properly preserve its lien.

Despite its apparent failure to preserve its lien, Bordelon asserts a novel argument that excuses the late filings—that the automatic stay of the bankruptcy proceeding applied to its enforcement of its lien rights over the property owned by ATP, Devon, and Merit. Bordelon makes this argument in the context of its filing of a Notice of Lis Pendens; however, it appears the same argument applies to the filing of the enforcement action as the bankruptcy stay occurred when the bankruptcy petition was filed on August 17, 2012, only days after Bordelon filed its first Statement of Privilege. While the argument that the automatic stay effects the time for filing under LOWLA has appeal, Bordelon cites no authority for this proposition and the Court finds that no such authority exists. Though the Louisiana Supreme Court briefly acknowledged the issue of whether a lien enforcement action as to a non-debtor violates the automatic bankruptcy stay as to a debtor sharing an interest in the well, the court remanded the issue to the district court for further factual development. *See Guichard*, 657 So.2d at 1318-19. Nevertheless, as to the instant matter, *Guichard* remains instructive.

The Louisiana Supreme Court in *Guichard* held that parties with an interest in the property subject to a lien under LOWLA but not made parties to an enforcement action to

enforce that lien are not indispensable parties to the action under Louisiana law. 657 So. 2d at 1315. Thus, the court stated that under LOWLA a claimant may bring an enforcement action against one of several parties with interests in the subject property to preserve its lien "against the whole of the property subject to the lien." *Id.* at 1318. In that case, unlike the instant matter, the claimant properly filed an enforcement action against one party within a year of filing the statement of privilege and timely filed a notice of lis pendens thereafter. Here, Bordelon now presents *Guichard*'s unresolved issue related to the bankruptcy stay in the inverse; the Court must address whether the bankruptcy stay has the effect of "freezing" or affecting the running of the prescriptive periods under LOWLA as to third parties.[1]

After a bankruptcy petition is filed, an automatic stay arises in favor of the debtor. The stay prohibits "all entities" from making collection efforts against the debtor or the property of the debtor's estate for pre-petition debts. 11 U.S.C. § 362(a); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008). Under the Bankruptcy Code, the automatic stay attaches to the property of the debtor. 11 U.S.C. § 541. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *In re McLain*, 516 F.3d 301, 311 (5th Cir. 2008). Assuming ATP has an interest in the property subject to the lien, it would appear that the stay would apply to any *in rem* lien enforcement action over ATP's property interest. However, since the lien could have been enforced against Devon and Merit them notwithstanding ATP's bankruptcy, the application of the automatic stay under ATP's bankruptcy proceedings to the property in question presents a distinguishable issue.

[1] The Court notes that the Louisiana Supreme Court in *Guichard* did not determine whether the time periods under LOWLA were either prescriptive or preemptive, *Guichard*, 657 So. 2d at 1317.

In analogous circumstances, some bankruptcy courts have noted that the debtor's property under the Bankruptcy Code is "specifically limited to a debtor's interest in the property; third-party interests are not included." *In re Smith*, 310 B.R. 320, 322 (Bankr. N.D. Ohio 2004); *see In re Gartmani*, 372 B.R. 790, 792 (Bankr. D.S.C. 2007). But as to the effect of the bankruptcy stay, the application of the stay to an action to recover from a third party might be appropriate "when the liability of the nonbankrupt is not independent of the debtor's liability and a judgment against the nonbankrupt will be binding on the debtor." *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987). A violation of the stay may occur when a party brings an action to recover a claim against the debtor yet does not assert its claim directly "against the debtor" if that action does not derive from an independent basis for recovery. *See In re Medina*, 413 B.R. 583, 594-95 (Bankr. W.D. Tex. 2009); 11 U.S.C. § 362(a)(1). Yet where the action is brought against a third party having no contractual duties owed to the complainant to recover amounts owed by the debtor, there is an independent basis for recovery against the third party and the automatic stay should not extend to that action. *See In re Medina*, 413 B.R. at 595.

Bordelon attempts to argue that Devon and Merit have a legal relationship to ATP such that any stay of proceedings affecting ATP would also affect Devon and Merit. Specifically, Bordelon argues that Devon and Merit are either bound *in solido* for the debt of ATP or that Devon and Merit are legal sureties of ATP. Neither theory succeeds. It is not contested that Bordelon contracted with ATP—not Devon and Merit. As Devon and Merit are not personally indebted to Bordelon, there can be no solidary relationship between them. *See Genina Marine Serv., Inc. v. Arco Oil & Gas Co.*, 552 So. 2d 1005, 1007-08 (La. Ct. App. 1989), *writ denied*, 556 So. 2d 1281 (La. 1990). Further, to be bound as legal sureties under Louisiana law, the suretyship must be express and in writing. La. Civ. Code art. 3038. No such document exists

here. Thus, Devon and Merit do not share the debt of ATP to Bordelon, and any relationship to Bordelon must be based only on their common interest in the property subject to the lien under LOWLA.

Because no legal relationship on the basis of liability for the debt owed, such as solidarity or suretyship, exists, the bankruptcy stay cannot be said to have interrupted the prescriptive period under LOWLA as Bordelon argued. Moreover, the action may be brought against any party with an interest in the property subject to the lien to preserve the lien rights, and the enforcement action against a third person is sufficiently independent from any enforcement action against the debtor. Thus, the bankruptcy stay should not apply to the action against a third-party defendant. Though a properly filed action brought against the third-persons Devon and Merit would enforce the lien and allow Bordelon to seize the property in order to satisfy ATP's debt, Bordelon failed to timely file the requisite action and notice of lis pendens under LOWLA. Therefore, based on the facts alleged, Bordelon has failed to present sufficient facts to state a claim upon which relief can be granted under Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss (R. Doc. 11) is **GRANTED.**

New Orleans, Louisiana, this 31st day of March, 2015.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**